[Civ. No. 16282.   First Dist., Div. Two.   June 15, 1955.]

## PAUL W. CARROLL et al., Respondents, v. THOMAS TOMASELLO et al., Appellants.

James F. Boccardo, Gallagher, Ruffo & Rainville and Edward J. Niland for Appellants.

Ranklin, Oneal, Luckhardt, Maurice J. Rankin and Center & Hall for Respondents.

NOURSE, P. J.—Plaintiffs sued for the balance due on a promissory note given in connection with a sale of real property.  Plaintiffs had judgment following a trial to the court.

On December 14, 1948, defendants entered into a written agreement with plaintiffs to buy a large tract of land for the sum of $625,900, payable $50,500 on execution of the con-

tract, the balance in annual installments of $45,000 each for 10 years, and a final payment of $125,400. In lieu of the initial cash payment defendants were given a credit of $50,500 by their conveyance to plaintiffs of three parcels of realty estimated to be of that value. One of these parcels was encumbered by a mortgage, and to clear the obligation defendants gave plaintiffs their promissory note for $12,000 payable eight months after date. The sum of $2,500 was paid on this note and the suit is for the balance due.

The trial court found that defendants were given full credit for the sum of $50,500 paid on the purchase price, that the promissory note was not a part of the purchase price but was a collateral agreement covering the credit of $50,500 given defendants on the purchase price. The court also found that defendants transferred all their rights under the contract without the consent of plaintiffs, did not procure an assumption of the note by the transferees, and that these transferees were given full credit for the down payment of $50,500. It was also found that plaintiffs did not claim a forfeiture under the original sale contract but reacquired the property through a quitclaim deed executed by defendants' transferees; that the 1948 contract was not rescinded or terminated except as above stated, and that, accordingly plaintiffs were not seeking a deficiency judgment.

■ Appellants concede that there is no real dispute or conflict as to the facts. The findings above noted are fully supported by competent evidence. Appellants' argument rests upon their theory that the promissory note was not an independent undertaking. But the evidence is to the contrary. Both parties so treated it from the beginning. Defendants assumed that they had made the full down payment of $50,500 when they transferred their interest in the land to others and gave to them full credit for the full sum of $50,500 without plaintiffs' consent. They did not seek from plaintiffs a release of their liability under the note or ask their transferees to assume such liability.

The argument that the judgment is inequitable is not persuasive. The defendants were given exclusive possession of more than ten thousand acres of land with the right to explore and occupy the same for their own profit for two and a half years. During that period plaintiffs were out of possession and derived no income from the property. The down payment does not appear to have been an unfair charge for

the advantages the defendants received, hence there was no inequity.

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.

A petition for a rehearing was denied July 15, 1955, and appellants' petition for a hearing by the Supreme Court was denied August 11, 1955.